JAMES F. CLAPP (145814)
J. KIRK DONNELLY (179401)
MARITA MURPHY LAUINGER (199242)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel. (858) 623-4200
Fax. (858) 623-4299

FILED

08 MAY 14 PM 3:42

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DOSTART CLAPP GORDON & COVENEY, ) CASE NO. 08 CV 0863 JM AJB
LLP, a limited liability partnership, )
) COMPLAINT FOR VIOLATION OF THE
Plaintiff, ) FREEDOM OF INFORMATION ACT
) (5 U.S.C. § 552)
v. )
)
UNITED STATES DEPARTMENT OF )
LABOR, ELAINE L. CHAO, in her official )
capacity as Secretary of Labor, and DOES 1 )
through 20, inclusive, )
)
Defendants. )

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to compel the production and release of agency records requested by plaintiff from the U.S. Department of Labor.

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

3.  Plaintiff Dostart Clapp Gordon & Coveney, LLP is a California limited liability partnership located in San Diego County, California.

4.  Defendant United States Department of Labor ("DOL") is an executive Cabinet Department of the Executive Branch of the United States Government. DOL is an agency within the meaning of 5 U.S.C. § 552(f).

1

1      5.     Defendant Elaine L. Chao is the Secretary of Labor and heads the DOL.

2      6.     On November 27, 2006, the DOL issued an opinion letter (FLSA2006-43) regarding whether certain "registered representatives" in the financial services industry qualify for the administrative exemption under Section 13(a)(1) of the Fair Labor Standards Act and 29 C.F.R. Part 541.

7.     On November 29, 2006, plaintiff sent a FOIA request to Paul DeCamp, Administrator of the Wage and Hour Division of the DOL, requesting copies of all documents which led to the issuance of opinion letter FLSA2006-43. A true and correct copy of plaintiff's FOIA request is attached hereto as Exhibit 1. Plaintiff sent the FOIA request via U.S. Mail and by facsimile, as required under 29 C.F.R. § 70.19(a).

8.     Plaintiff's FOIA request sought production of the following: (1) all documents reflecting any oral or written communications between any representative of the Securities Industry Association (also known as the Securities Industry and Financial Markets Association) ("SIA") and DOL concerning whether registered representatives, account executives, broker-representatives, financial executives, financial consultants, financial advisors, investment professionals, and stockbrokers (collectively referred to as "registered representatives") in the financial services industry are exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"); (2) any and all documents in any way related to the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; (3) any and all documents provided by the SIA to the DOL in connection with the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; (4) any and all documents reviewed or relied upon by the DOL in formulating its response to any request for an opinion letter from the SIA concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; and (5) any and all documents in the possession of the DOL relating to any lawsuit alleging that registered representatives are entitled to overtime pay under the FLSA, including without limitation any documents relating to lawsuits against A.G. Edwards & Sons, Inc., Wachovia, Prudential, Merrill Lynch, Morgan Stanley, Citigroup/Smith Barney, UBS, Edward Jones, and/or Banc of America.

2

Complaint for Violation of Freedom of Information of Act

9. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and 29 C.F.R. § 70.25(a), defendants failed to determine within 20 days after receiving plaintiff's request whether to comply with the request and failed immediately to notify plaintiff of such determination and the reasons therefor. To date, defendants have failed to produce a single document in response to plaintiff's request.

10. No "unusual circumstances" existed under 5 U.S.C. § 552(a)(6)(B) to extend the 20-day deadline established under 5 U.S.C. § 552(a)(6)(A)(i), and in any event: (a) defendants failed to give plaintiff written notice of any need for an extension, and (b) more than 10 working days have elapsed since the defendants' response was originally due.

11. No "exceptional circumstances" existed under 5 U.S.C. § 552(a)(6)(C) to excuse defendants' failure to comply with the FOIA, and defendants have not exercised due diligence in responding to plaintiff's request.

12. In an effort to avoid the need to file this lawsuit, plaintiff contacted the DOL several times to inquire about the status of its FOIA request:

a. On January 25, 2007, plaintiff telephoned Brad Sinkovic, the FOIA Coordinator at the DOL. Mr. Sinkovic advised plaintiff that its request had been received and was being processed.

b. On February 6, 2007, plaintiff spoke to Mr. Sinkovic again by telephone. Mr. Sinkovic advised plaintiff that the DOL was behind in processing FOIA requests, but that the DOL would respond to plaintiff's request by February 8, 2007.

c. Defendants failed to respond to plaintiff's request by February 8, 2007. Over the next six weeks, plaintiff attempted to contact Mr. Sinkovic several times, but he did not return plaintiff's telephone calls.

d. On March 20, 2007, plaintiff telephoned Barbara Bingham, the DOL's "FOIA Liaison." Ms. Bingham advised plaintiff that the DOL's response to plaintiff's FOIA request was "on the desk of the Clearance Department waiting for approval" and would be sent out promptly.

e. Having received nothing from the DOL, on November 14, 2007, plaintiff again called Ms. Bingham. Ms. Bingham said that she was unable to determine a release date for the DOL's response to plaintiff's request. She suggested calling Michael Ginley, the Director of the Office of Enforcement.

   f. On or about November 14, 2007, plaintiff telephoned Mr. Ginley. Mr. Ginley told plaintiff he would check on the status of plaintiff's request and call plaintiff back. To date, Mr. Ginley has not called plaintiff back.

  13. It has been 17 months since plaintiff sent its FOIA request to the DOL. Defendants have acted arbitrarily and capriciously in failing to respond to plaintiff's request within the statutory deadlines.

  14. Under 5 U.S.C. § 552(a)(6)(C)(i), by virtue of defendants' failure to comply with the FOIA's time limits, plaintiff is deemed to have exhausted its administrative remedies.

  15. Pursuant to 5 U.S.C. § 552(a)(6)(E), plaintiff is entitled to its reasonable attorney's fees and costs.

  WHEREFORE, plaintiff prays for the following relief against defendants:

  1. For an order compelling defendants to produce the requested documents to plaintiff;

  2. For a finding that defendants acted arbitrarily and capriciously in failing to respond to plaintiff's request;

  3. For reasonable attorney's fees and costs of suit; and

  4. For such other relief as the Court deems proper.

Dated: May 13, 2008    DOSTART CLAPP GORDON & COVENEY, LLP

By: _____
JAMES F. CLAPP
Attorneys for Plaintiff

Complaint for Violation of Freedom of Information of Act

**DOSTART**
**CLAPP**
**GORDON &**
**COVENEY**
**LLP**

4370 LA JOLLA VILLAGE DRIVE, SUITE 970
SAN DIEGO, CALIFORNIA 92122-1253
TELEPHONE: (858) 623-4200
FAX: (858) 623-4299

J. KIRK DONNELLY
DIRECT DIAL 858-623-4275
E-MAIL: KDONNELLY@SDLAW.COM

November 29, 2006

*Sent by facsimile and U.S. Mail*
U.S. Department of Labor
Paul DeCamp, Administrator
Employment Standards Administration
Wage and Hour Division
200 Constitution Avenue, NW
Washington, DC 20210
Attention: FOIA Request

    Re:    Freedom of Information Act Request

Dear Mr. DeCamp:

    This is a request under the Freedom of Information Act.

    I request that a copy of the following documents be provided to me:

    1.    Any and all documents reflecting any oral or written communications between any representative of the Securities Industry Association (also known as the Securities Industry and Financial Markets Association) ("SIA") and the U.S. Department of Labor ("DOL") concerning whether registered representatives, account executives, broker-representatives, financial executives, financial consultants, financial advisors, investment professionals, and stockbrokers (collectively referred to as "registered representatives") in the financial services industry are exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"). For the purposes of this FOIA request, the term "document" is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence and shall include any writing or recorded matter of every kind or description, however produced or reproduced, whether in draft or final, original or reproduction, in custody or control of you or known by you to have been created, including but not limited to: letters, correspondence, memoranda, notes, emails, minutes of meetings, contracts, agreements, transcripts, reports, photographs, tape recordings, videotapes, audio tapes, films, drawings, graphs, charts, monthly statements, electronic data, discs or other magnetic storage devices, faxes, electronic file notes and correspondences, telephone logs and

EXHIBIT   1




U.S. Department of Labor
November 29, 2006
Page 2

memoranda, printouts, or statements. Document also includes any summarization, compilation, or reproduction of documents. Document also means a copy where the original is not in your possession or custody and means every copy of every document where such copy is not an identical copy or the original. Document also includes any writings, records, photographs, or duplicates as those terms are defined in Federal Rule of Evidence 1001.

2. Any and all documents in any way related to the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA.

3. Any and all documents provided by the SIA to the DOL in connection with the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA.

4. Any and all documents reviewed or relied upon by the DOL in formulating its response to any request for an opinion letter from the SIA concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA.

5. Any and all documents in the possession of the DOL relating to any lawsuit alleging that registered representatives are entitled to overtime pay under the FLSA, including without limitation any documents relating to lawsuits against A.G. Edwards & Sons, Inc., Wachovia, Prudential, Merrill Lynch, Morgan Stanley, Citigroup/Smith Barney, UBS, Edward Jones, and/or Banc of America.

In order to help to determine my status to assess fees, you should know that I am affiliated with a private company and am seeking information for use in my company's business.

I am willing to pay fees for this request up to a maximum of $250. If you estimate that the fees will exceed this limit, please inform me first.

Thank you for your consideration of this request.

Sincerely,
DOSTART CLAPP GORDON & COVENEY, LLP

J. Kirk Donnelly

I declare under penalty of perjury that the foregoing is true and correct. Executed within the United States of America on the 29 of November, 2006.

J. Kirk Donnelly

EXHIBIT 1

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         # 150901       -  MB
         * * C O P Y * *
            May 14, 2008
              15:46:24


          Civ Fil Non-Pris
USAO #.: 08CV0863 CIVIL FILING
Judge..: JEFFREY T MILLER
Amount.:                  $350.00 CK
Check#.: BC30354


           Photocopies
USAO #.: COPIES
Qty....:   6 @ $0.50
Amount.:                  $3.00 CK
Check#.: BC30354



       Total->   $353.00



FROM: DOSTART CLAPP GORDON &
      COVENEY, LLP VS US DEPT OF
      LABOR, ET AL
```

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DOSTART CLAPP GORDON & COVENEY, LLP,
a limited liability partnership

## DEFENDANTS
UNITED STATES DEPARTMENT OF LABOR;
ELAINE L. CHAO, in her official capacity as Secretary of Labor,
and DOES 1 through 20, inclusive

FILED
08 MAY 14 PM 3:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James F. Clapp (145814)
Dostart Clapp Gordon & Coveney, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122
Tel: (858) 623-4200

Attorneys (If Known)

**'08 CV 0863 JM AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land |  / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [X] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | **IMMIGRATION** |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  |  |
|  |  / [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  |  |
|  | [ ] 440 Other Civil Rights | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. Section 552

Brief description of cause:
Violation of Freedom of Information Act

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 13, 2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 150901   AMOUNT $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PB 05/14/08
CR

American LegalNet, Inc.
www.FormsWorkflow.com