1  KAREN P. HEWITT
   United States Attorney
2  MEGAN CALLAN
   Assistant U.S. Attorney
3  California Bar No. 230329
   U.S. Attorney's Office
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7120
   Facsimile: (619) 557-5004
6  E-mail: Megan.Callan@usdoj.gov

7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 
   DOSTART CLAPP GORDON &         )   Civil No. 08cv0863-JM (AJB)
11 COVENEY, LLP, a limited liability)
   partnership,                    )   MEMORANDUM OF POINTS AND
12                                 )   AUTHORITIES SUPPORTING
                 Plaintiff,        )   DEFENDANTS' MOTION TO DISMISS
13                                 )
        v.                         )   [Fed.R.Civ.P. 12(b)(1), (6)]
14                                 )
   UNITED STATES DEPARTMENT OF     )   Date:  August 1, 2008
15 LABOR; ELAINE L. CHAO, in her official)  Time:  1:30 p.m.
   capacity as Secretary of Department of)  Court: 16
16 Labor; and DOES 1 through 20, inclusive, ) The Honorable Jeffrey T. Miller
                                   )
17               Defendants.       )   [Defendants Do Not Request Oral Argument]
   _____ )
18 

19                    **I. INTRODUCTION**

20      In this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., the

21 Court's subject matter jurisdiction is narrow and expressly limited by statute. District courts only have

22 "jurisdiction to enjoin the agency from withholding agency records and to order the production of any

23 agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Plaintiff's

24 Complaint arises out of Plaintiff's FOIA request to Defendant United States Department of Labor

25 ("DOL"). Plaintiff's Complaint improperly names Elaine L. Chao, in her official capacity, and Doe

26 defendants. The proper defendant in a FOIA action is the relevant federal agency. Id. Therefore, the

27 agency is the only properly named defendant in a FOIA action. Defendants move the Court to dismiss

28 the improperly named Defendants in this matter under Federal Rule of Civil Procedure 12(b).

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

In November 2006, DOL issued an opinion letter that addressed whether certain registered representatives in the financial services industry qualify for a specific administrative exemption to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. See 29 C.F.R. § 541; see also Ex. 1, at 1; Complaint at ¶¶ 6-7. On November 29, 2006, and following DOL's issuance of the opinion letter, Plaintiff wrote to DOL, care of the Employment Standards Administration, Wage and Hour Division.[2] See Exhibit 1, attached to Complaint, at 1. Plaintiff's letter to DOL contained multiple FOIA requests. See id. at 1-2. Under FOIA, Plaintiff sought records maintained by DOL pertaining to the following topics:

> (1) communications between representatives of the Securities Industry Association ("SIA") and DOL regarding whether various financial advisors and consultants are exempt from overtime pay requirements of the FLSA, 29 U.S.C. § 201 et seq.;
>
> (2) documents related to SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA;
>
> (3) documents provided by SIA to DOL regarding SIA's request for such an opinion letter;
>
> (4) documents reviewed or relied upon by DOL in formulating its response to any request for such an opinion letter; and
>
> (5) documents relating to any lawsuit alleging that registered representatives are entitled to overtime pay under the FLSA.

See id.

In its November 2006 letter, Plaintiff attempted to define "records" under FOIA, at least with respect to its first FOIA request. See Ex. 1 at 1; cf. 5 U.S.C. § 552(f) (defining the term "record" under the Act). Plaintiff also attempted to make FOIA requests for documents not possessed by DOL. See Ex. 1, at 1-2; Complaint at ¶ 8. Congressional provisions, however, govern the scope of FOIA's

---

[1] For purposes of this Fed. R. Civ. P. 12(b) motion only, the facts alleged in Plaintiff's Complaint are presumed true. The facts presented in this background are taken from Plaintiff's Complaint.

[2] Plaintiff's letter was addressed to Mr. Paul DeCamp, the administrator who authored the DOL opinion letter reference in Plaintiff's Complaint. See Complaint at ¶ 6; Ex. 1 at 1. The contact information of the FOIA Coordinator for DOL's Wage and Hour Division is available at DOL's FOIA Website. See http://www.dol.gov/esa/whd/foia/foiaRequest.htm.

applicability, and such statutorily-mandated scope may not be expanded by the manner in which a requester words its FOIA request. See 5 U.S.C. § 552(a)(3)(A), (f).

According to Plaintiff's Complaint, DOL did not respond to the FOIA requests within the twenty-day period mandated by the statute. See id. at § 552(a)(6)(A)(i); Complaint at ¶ 9. Plaintiff further alleges that no exceptional circumstances existed to excuse DOL's failure to respond within twenty days. Finally, Plaintiff alleges that it attempted on several occasions to contact DOL regarding the agency's response to the FOIA requests. See Complaint at ¶¶ 10-12. Plaintiff filed this lawsuit on May 14, 2008, seeking the release of documents responsive to Plaintiff's FOIA requests.

### III. APPLICABLE LEGAL STANDARDS

#### A. The Court's Subject Matter Jurisdiction Is Limited

Under FOIA, the district courts of the United States have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The Supreme Court defined the limits of FOIA jurisdiction, stating that "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). "Requiring an agency to disclose exempt information is not authorized by FOIA." Spurlock v. F.B.I., 69 F.3d 1010, 1016 (9th Cir. 1995). A district court has jurisdiction only to compel an agency to disclose improperly withheld agency records. Id. at 1015 (citing Kissinger, 445 U.S. at 150). "Congress 'did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis.'" Minier v. Cent. Intelligence Agency, 88 F.3d 796, 803 (9th Cir. 1996), quoting F.B.I. v. Abramson, 456 U.S. 615, 631 (1982).

#### B. The Definition of a FOIA "Record" Is Statutorily Limited

The Freedom of Information Act permits any person to make a request for records from an agency. 5 U.S.C. § 552(a)(3)(A). "Except with respect to the records made [otherwise] available . . . each agency upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." Id. The statute, however, does not provide for unlimited access to materials or information that may have at one time been reviewed by an agency. Id. at § 552(a), (b). Under FOIA, an agency record "includes

1  any information that would be an agency record subject to the requirements of this section when
2  <u>maintained by</u> an agency in any format, including an electronic format." <u>Id.</u> at § 552(f)(2) (emphasis
3  added). Accordingly, FOIA does not require the agency to produce records that do not fall within the
4  scope provided by the Act. <u>See, e.g., id.</u> at §§ 552(a)(3)(A), 552(b), 552(f).

5      C.  <u>Legal Standard Applied to Rule 12(b) Motions</u>

6  Federal courts are courts of limited jurisdiction and these limits, whether imposed by the
7  Constitution or by Congress, cannot be "disregarded or evaded." <u>Owen Equipment & Erection Co. v.</u>
8  <u>Kroger</u>, 437 U.S. 365, 374 (1978); <u>Al Nieto v. Ecker</u>, 845 F.2d 868, 871 (9th Cir. 1988) (a federal
9  court's power to adjudicate claims is limited to that granted by Congress, and such grants are not to be
10 lightly inferred). A federal court is presumed to lack jurisdiction in a particular case unless the contrary
11 affirmatively appears. <u>Renne v. Geary</u>, 501 U.S. 312, 316 (1991). The burden of proof on a Rule
12 12(b)(1) motion is on the party asserting jurisdiction. <u>Sopcak v. Northern Mountain Helicopter Serv.</u>,
13 52 F.3d 817, 818 (9th Cir. 1995).

14 Recently, the Supreme Court revisited the proper standard for review of a motion to dismiss
15 pursuant to Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). In
16 deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must
17 accept as true the plaintiff's allegations contained in the complaint and view them in a light most
18 favorable to the plaintiff. <u>Id.</u> at 1964; <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>Wileman Bros. &</u>
19 <u>Elliott, Inc. v. Giannini</u>, 909 F.2d 332, 334 (9th Cir. 1990). In order to survive a Rule 12(b)(6) motion,
20 a plaintiff's complaint "must allege 'enough facts to state a claim to relief that is plausible on its face.'"
21 <u>Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold</u>, 524 F.3d 1090, 1100
22 (9th Cir. 2008) (quoting <u>Twombly</u>, 127 S. Ct. at 1974). A motion under Fed. R. Civ. P. 12(b)(6) should
23 also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint,
24 such as lack of jurisdiction or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, <u>Moore's</u>
25 <u>Federal Practice</u> ¶12.07 at 12-68 to 12-69 (2d ed. 1991 & Supp. 1191-92) (citing <u>Imbler v. Pachtman</u>,
26 424 U.S. 409 (1976)).
27 //
28 //

## IV. ANALYSIS

The Court should dismiss all Does and Elaine L. Chao, in her official capacity, as Defendants because FOIA does not provide a cause of action against these named parties. The Court lacks subject matter jurisdiction under FOIA to order any party other than an federal agency to produce any record other than a record improperly withheld. Also, Plaintiff's claim must fail because Plaintiff cannot state a FOIA claim against an individual. Plaintiff's claim must proceed, if at all, against a federal agency that is subject to FOIA.

### A. FOIA Only Permits Claims Against An Agency

FOIA gives the federal courts jurisdiction over FOIA lawsuits against federal <u>agencies</u>. 5 U.S.C. § 552(a)(4)(B); <u>see also id.</u> at § 552(a)(g)(1) (pertaining to the Privacy Act). Congress defined "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . ., or any independent regulatory agency." <u>Id.</u> at § 552(e).

Based upon this clear statutory directive, federal courts of appeal agree that an individual officer or employee is an improper defendant in a FOIA action and that the proper defendant is the federal agency itself. <u>Thompson v. Walbran</u>, 990 F.2d 403, 405 (8th Cir. 1993) (per curiam); <u>Petrus v. Bowen</u>, 833 F.2d 581, 582-83 (5th Cir. 1987); <u>Brown-Bey v. United States</u>, 720 F.2d 467, 469 (7th Cir. 1983); <u>Parks v. Internal Rev. Serv.</u>, 618 F.2d 677, 684 (10th Cir. 1980); <u>see also</u> <u>Hewitt v. Grabicki</u>, 794 F.2d 1373, 1376 n.2 (9th Cir. 1986) (noting that "[t]he weight of authority is that the [Privacy] act's authorization of suit only against an agency thereby excludes individual officers and government employees"). The Southern District of California also acknowledged that FOIA claims may not proceed against individual officers, employees, or agents of a federal agency. <u>San Diego Navy Broadway Complex Coalition v. Dep't of Navy</u>, No. 06cv0909-W, 2008 U.S. Dist. LEXIS 1519, at *9-10, 12 (S.D. Cal. Jan. 11, 2008). There, the plaintiff improperly named as a defendant the Secretary of the United States Navy, and the Court accordingly dismissed the Secretary from the lawsuit. <u>Id.</u> Similarly, the Court here should dismiss Elaine L. Chao, in her official capacity as Secretary of DOL, under Rule 12(b)(1) or (b)(6). The Court lacks subject matter jurisdiction beyond that granted by FOIA, and Plaintiff cannot state a claim for relief under FOIA against an individual officer of a federal agency.

Under the clear statutory language and judicial interpretation of that language, the only proper Defendant in this FOIA lawsuit is DOL. 5 U.S.C. § 552(a)(4)(B). As a matter of law, Defendant Elaine L. Chao, in her official capacity as Secretary of the DOL, and Doe Defendants should be dismissed under Rule 12(b) as improper defendants.

B.     <u>Doe Defendants Are Improper In This Case</u>

Furthermore, the federal courts disfavor the use of Doe Defendants given the availability of Fed. R. Civ. P. 15(c). <u>See, e.g.,</u> <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999); <u>see also</u> <u>Lopes v. Vieira</u>, 543 F. Supp. 2d 1149 (E.D. Cal. 2008) (noting that Rule 15 permits the addition of defendants by amendment of the complaint).

> There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties. However, this court has at least twice expressed disapproval of the practice. . . . 'These John Doe complaints are dangerous at any time. It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record.'

<u>Craig v. United States</u>, 413 F.2d 854, 856 (9th Cir. 1969), <u>quoting</u> <u>Sigurdson v. Del Guercio</u>, 241 F.2d 480, 482 (9th Cir. 1956)).

In this case, Plaintiff has identified that it mailed its FOIA requests to DOL. <u>See</u> Complaint at 1. FOIA requires that a request be made to the proper agency. <u>See</u> 5 U.S.C. § 552(a)(3)(A). The agency is therefore the only proper defendant in this matter. <u>See</u> <u>id.</u> For similar reasons, courts have concluded that the only proper plaintiff in a FOIA action is the party who made the request to the agency. <u>See</u> <u>Mahtesian v. OPM</u>, 388 F. Supp 2d 1047, 1048-50 (N.D. Cal. 2005) (concluding that an attorney's reference to an anonymous client was insufficient to confer standing on that client for purposes of FOIA litigation). Because the unique pre-litigation requirements of FOIA require that both the requester and the federal agency be identified in order to initiate the FOIA request, there is no statutory provision for or need for the use of Doe defendant practice.

As a practical matter, the use of Doe defendants is particularly antithetical to the structure of FOIA. The statutory scheme of FOIA requires that prior to filing a lawsuit, a requester must make a FOIA request to the proper agency. 5 U.S.C. § 552(a)(3)(A). The plain language of the Act vests the district courts with jurisdiction to enjoin "the <u>agency</u>" from improperly withholding records. <u>Id.</u> at

1  § 552(a)(4)(B) (emphasis added). Therefore, in the context of FOIA, a requester will know the identity of the federal agency from which agency records are sought, obviating any need for a Doe defendant. Cf. Craig, 413 F.2d at 856-57. Craig was a case in admiralty where a tradition of liberal pleading applies. For that reason, the Craig Court noted that at first blush the use of Doe defendants might appear reasonable, but ultimately the Court concluded that the practice was improper. Id. at 856. Here, in contrast, FOIA has no tradition of liberal pleading. To the contrary, FOIA only permits a claim to lie against a federal agency tasked with a FOIA duty. See 5 U.S.C. § 552(a)(4)(B).

Under either Rule 12(b)(1) or 12(b)(6), the Court should dismiss the Doe Defendants as improperly named defendants as a matter of law given the requirements of FOIA and the Ninth Circuit's caution against Doe defendant practice.

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court dismiss Defendant Elaine L. Chao, in her official capacity, and dismiss all Doe Defendants as improper defendants in this FOIA action.

Dated: June 13, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

s/ Megan Callan

MEGAN CALLAN
Assistant U.S. Attorney
Attorneys for Defendants

Email: Megan.Callan@usdoj.gov