JAMES F. CLAPP (145814)
J. KIRK DONNELLY (179401)
MARITA MURPHY LAUINGER (199242)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, CA 92122
Tel. (858) 623-4200
Fax. (858) 623-4299

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOSTART CLAPP GORDON & COVENEY, LLP, a limited liability partnership,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Defendant. | CASE NO. 3:08-cv-0863-JM (AJB)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT<br>(5 U.S.C. § 552) |

    1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to compel the production and release of agency records requested by plaintiff from the U.S. Department of Labor.

    2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

    3.    Plaintiff Dostart Clapp Gordon & Coveney, LLP is a California limited liability partnership located in San Diego County, California.

    4.    Defendant United States Department of Labor ("DOL") is an executive Cabinet Department of the Executive Branch of the United States Government. DOL is an agency within the meaning of 5 U.S.C. § 552(f).

5.      On November 27, 2006, the DOL issued an opinion letter (FLSA2006-43) regarding whether certain "registered representatives" in the financial services industry qualify for the administrative exemption under Section 13(a)(1) of the Fair Labor Standards Act and 29 C.F.R. Part 541.

6.      On November 29, 2006, plaintiff sent a FOIA request to Paul DeCamp, Administrator of the Wage and Hour Division of the DOL, requesting copies of all documents which led to the issuance of opinion letter FLSA2006-43. A true and correct copy of plaintiff's FOIA request is attached hereto as Exhibit 1. Plaintiff sent the FOIA request via U.S. Mail and by facsimile, as required under 29 C.F.R. § 70.19(a).

7.      Plaintiff's FOIA request sought production of the following: (1) all documents reflecting any oral or written communications between any representative of the Securities Industry Association (also known as the Securities Industry and Financial Markets Association) ("SIA") and DOL concerning whether registered representatives, account executives, broker-representatives, financial executives, financial consultants, financial advisors, investment professionals, and stockbrokers (collectively referred to as "registered representatives") in the financial services industry are exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"); (2) any and all documents in any way related to the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; (3) any and all documents provided by the SIA to the DOL in connection with the SIA's request for an opinion letter from the DOL concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; (4) any and all documents reviewed or relied upon by the DOL in formulating its response to any request for an opinion letter from the SIA concerning whether registered representatives are exempt from the overtime pay requirements of the FLSA; and (5) any and all documents in the possession of the DOL relating to any lawsuit alleging that registered representatives are entitled to overtime pay under the FLSA, including without limitation any documents relating to lawsuits against A.G. Edwards & Sons, Inc., Wachovia, Prudential, Merrill Lynch, Morgan Stanley, Citigroup/Smith Barney, UBS, Edward Jones, and/or Banc of America.

/////

8. In violation of 5 U.S.C. § 552(a)(6)(A)(i) and 29 C.F.R. § 70.25(a), defendant failed to determine within 20 days after receiving plaintiff's request whether to comply with the request and failed immediately to notify plaintiff of such determination and the reasons therefor. To date, defendant has failed to produce a single document in response to plaintiff's request.

9. No "unusual circumstances" existed under 5 U.S.C. § 552(a)(6)(B) to extend the 20-day deadline established under 5 U.S.C. § 552(a)(6)(A)(i), and in any event: (a) defendant failed to give plaintiff written notice of any need for an extension, and (b) more than 10 working days have elapsed since the defendant's response was originally due.

10. No "exceptional circumstances" existed under 5 U.S.C. § 552(a)(6)(C) to excuse defendant's failure to comply with the FOIA, and defendant has not exercised due diligence in responding to plaintiff's request.

11. In an effort to avoid the need to file this lawsuit, plaintiff contacted the DOL several times to inquire about the status of its FOIA request:

   a. On January 25, 2007, plaintiff telephoned Brad Sinkovic, the FOIA Coordinator at the DOL. Mr. Sinkovic advised plaintiff that its request had been received and was being processed.

   b. On February 6, 2007, plaintiff spoke to Mr. Sinkovic again by telephone. Mr. Sinkovic advised plaintiff that the DOL was behind in processing FOIA requests, but that the DOL would respond to plaintiff's request by February 8, 2007.

   c. Defendants failed to respond to plaintiff's request by February 8, 2007. Over the next six weeks, plaintiff attempted to contact Mr. Sinkovic several times, but he did not return plaintiff's telephone calls.

   d. On March 20, 2007, plaintiff telephoned Barbara Bingham, the DOL's "FOIA Liaison." Ms. Bingham advised plaintiff that the DOL's response to plaintiff's FOIA request was "on the desk of the Clearance Department waiting for approval" and would be sent out promptly.

   e. Having received nothing from the DOL, on November 14, 2007, plaintiff again called Ms. Bingham. Ms. Bingham said that she was unable to determine a release date for the DOL's response to plaintiff's request. She suggested calling Michael Ginley, the Director of the Office of Enforcement.

      f.      On or about November 14, 2007, plaintiff telephoned Mr. Ginley. Mr. Ginley told plaintiff he would check on the status of plaintiff's request and call plaintiff back. To date, Mr. Ginley has not called plaintiff back.

12. It has been 17 months since plaintiff sent its FOIA request to the DOL. Defendant has acted arbitrarily and capriciously in failing to respond to plaintiff's request within the statutory deadlines.

13. Under 5 U.S.C. § 552(a)(6)(C)(i), by virtue of defendant's failure to comply with the FOIA's time limits, plaintiff is deemed to have exhausted its administrative remedies.

14. Pursuant to 5 U.S.C. § 552(a)(6)(E), plaintiff is entitled to its reasonable attorney's fees and costs.

WHEREFORE, plaintiff prays for the following relief against defendant:

1. For an order compelling defendant to produce the requested documents to plaintiff;

2. For a finding that defendant acted arbitrarily and capriciously in failing to respond to plaintiff's request;

3. For reasonable attorney's fees and costs of suit; and

4. For such other relief as the Court deems proper.

Dated: July 9, 2008                    DOSTART CLAPP GORDON & COVENEY, LLP

By: *[signature]*
JAMES F. CLAPP
MARITA MURPHY LAUINGER
Attorneys for Plaintiff