1  KAREN P. HEWITT
   United States Attorney
2  MEGAN CALLAN
   Assistant U.S. Attorney
3  California Bar No. 230329
   U.S. Attorney's Office
4  880 Front Street, Room 6293
   San Diego, CA 92101-8893
5  Telephone: (619) 557-7120
   Facsimile: (619) 557-5004
6  E-mail: Megan.Callan@usdoj.gov

7  Attorneys for Defendant
   U.S. Department of Labor

8

9                           UNITED STATES DISTRICT COURT

10                         SOUTHERN DISTRICT OF CALIFORNIA

11  DOSTART  CLAPP  GORDON  &  )    Civil No. 08cv0863-JM (AJB)
    COVENEY, LLP, a limited liability )
12  partnership,                      )
                                      )    DEFENDANT'S ANSWER TO
13              Plaintiff,            )    FIRST AMENDED COMPLAINT
                                      )
14       v.                           )
                                      )
15  UNITED STATES DEPARTMENT OF )
    LABOR,                            )
16                                    )
                Defendant.            )
17  _____ )

18

19       COMES NOW the Defendant U.S. Department of Labor, by and through its counsel, Karen P.

20  Hewitt, United States Attorney, and Megan Callan, Assistant United States Attorney, and in answer to

21  the Plaintiff's First Amended Complaint ("FAC"), sets forth the following:

22       1. Answering Paragraph 1 of the FAC, Defendant states that the allegations contained therein

23  are legal conclusions solely within the purview of the Court and for its determination, and no answer

24  is therefore required. To the extent an answer is required, said allegations are denied.

25       2. Answering Paragraph 2 of the FAC, Defendant states that the allegations contained therein

26  are legal conclusions solely within the purview of the Court and for its determination, and no answer

27  is therefore required. To the extent an answer is required, said allegations are denied.

28  //

3. Answering Paragraph 3 of the FAC, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations, and on that basis Defendant denies the allegations therein.

4. Answering Paragraph 4 of the FAC, with respect to the first sentence, Defendant admits the allegations therein. With respect to the second sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

5. Answering Paragraph 5 of the FAC, Defendant admits the allegations contained therein.

6. Answering Paragraph 6 of the FAC, Defendant admits that Defendant received from Plaintiff a Freedom of Information Act ("FOIA") request, dated November 29, 2006. Answering further, Defendant states that a true and correct copy of the FOIA request is attached hereto as Exhibit A. In all other respects, Defendant denies the allegations therein.

7. Answering Paragraph 7 of the FAC, Defendant states that Plaintiff's FOIA request, attached to the FAC and this Answer as Exhibit A, speaks for itself. In all other respects, Defendant denies the allegations therein.

8. Answering Paragraph 8 of the FAC, with respect to the first sentence, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied. With respect to the second sentence, Defendant admits the allegations therein.

9. Answering Paragraph 9 of the FAC, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied. Answering further, Defendant admits that Defendant did not give Plaintiff written notice of a need for an extension and that more than 10 working days have elapsed since Defendant's response was originally due.

10. Answering Paragraph 10 of the FAC, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

11. Answering Paragraph 11 of the FAC, with respect to the introductory clause, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations, and on that

basis Defendant denies the allegations therein. With respect to subparagraphs (a)-(c), Defendant states that Mr. Sinkovic, in his capacity as FOIA Coordinator for DOL's Employment and Standards Administration, provides information to requesters regarding the receipt and status of their FOIA requests. In all other respects, Defendant states that it lacks sufficient information to form a belief as to the truth of the allegations, and on that basis Defendant denies the allegations therein.

With respect to subparagraph (d), Defendant admits the allegations therein with the exception of the content of Ms. Bingham's statement to Plaintiff. Answering further, Defendant denies that Ms. Bingham said that Plaintiff's FOIA request "was on the desk of the Clearance Department waiting for approval" and would be sent out promptly. Answering further, Defendant admits that Ms. Bingham indicated that the response to Plaintiff's FOIA request should be sent out soon. In all other respects, Defendant denies the allegations therein.

With respect to subparagraphs (e)-(f), Defendant admits the allegations therein.

12. Answering Paragraph 12 of the FAC, Defendant admits that it received Plaintiff's FOIA request on November 29, 2006, and that more than seventeen months have passed since that date. In all further respects, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

13. Answering Paragraph 13 of the FAC, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

14. Answering Paragraph 14 of the Complaint, Defendant states that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

The remaining allegations of the FAC contain Plaintiff's Prayer for Relief, to which no answer is required; however to the extent an answer is required, Defendant denies the allegations therein.

//
//
//

# ADDITIONAL AND AFFIRMATIVE DEFENSES

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendant United States Department of Labor alleges as follows:

1. The Court lacks jurisdiction over the subject matter of this action.

2. Plaintiff's FAC fails to state a claim upon which relief may be granted.

3. Defendant properly withheld documents of which Plaintiff's Complaint seeks production under FOIA, 5 U.S.C. §§ 552(b).

4. Plaintiff is not entitle to attorney fees or costs incurred in this action.

Wherefore, Defendant prays that Plaintiff take nothing by its First Amended Complaint, that judgment be rendered in favor of Defendant, for costs of suit included herein, and for all other relief that the Court deems proper.

Dated: July 22, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

s/ Megan Callan

MEGAN CALLAN
Assistant U.S. Attorney

Attorneys for Defendant
U.S. Department of Labor

Email: Megan.Callan@usdoj.gov